IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

VERNON CRAYTON,

   Plaintiff,

    v.

JPMORGAN CHASE BANK, N.A., et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:16-CV-577-TWT

**OPINION AND ORDER**

This is a civil case arising from the scheduled foreclosure sale of the Plaintiff's home. It is before the Court on the Defendant JPMorgan Chase Bank, N.A.'s ("Chase") Partial Motion to Dismiss [Doc. 10]. For the reasons stated below, the Defendant Chase's Partial Motion to Dismiss [Doc. 10] is GRANTED.

**I. Background**

The Plaintiff, Vernon Crayton, resides at 2556 Lancaster Drive, East Point, Georgia 30344 ("the Property"), which he purchased on June 24, 1987.[1] On January 7, 1994, the Plaintiff obtained a mortgage on the Property from Source One Mortgage

---

[1] Pl.'s Resp. to Def.'s Mot. to Dis., at 2.

T:\ORDERS\16\Crayton\mtdtwt.wpd

Services Corporation in the amount of $63,826.00.[2] The security deed was eventually assigned to the Defendant Chase.[3]

On September 2, 2004, the Plaintiff filed for Chapter 13 bankruptcy, and Chase filed a Proof of Claim not long after.[4] In the Proof of Claim, Chase claimed a total arrearage of $19,061.85 plus an 8.50% interest rate as of September 2, 2004.[5] The Chapter 13 Trustee paid Chase a total pre-petition arrearage amount of $24,304.62, which covered both the principal and interest in arrears.[6] The Trustee's first payment to Chase was made on March 1, 2005, and the last payment was made on November 2, 2009.[7] In the bankruptcy, the Plaintiff also made post-petition monthly payments directly to Chase for six years that total approximately $33,141.[8]

The bankruptcy was eventually discharged in April of 2010,[9] and the Plaintiff claims that a final accounting of the Plaintiff's account with Chase separating the pre-

---

[2]   Compl., Ex. A.

[3]   Id.

[4]   Id., Exs. B, D.

[5]   Id., Ex. D.

[6]   Id., Ex. E.

[7]   Pl.'s Resp. to Def.'s Mot. to Dis., at 3.

[8]   Compl., Ex. K.

[9]   Id., Ex. C.

petition arrearage and interest from the post-petition payments was never calculated by Chase after the bankruptcy was discharged.[10] Instead, Chase allegedly applied all of the payments in the normal manner as opposed to the Chapter 13 Plan.[11] The Plaintiff maintains that he continued to make his mortgage payments each month and that the mortgage has been paid in full.[12]

On December 11, 2015, the Plaintiff received a notice of default from Chase. According to the notice, the past due amount owed was $23,283.92.[13] But on the same day, the Plaintiff also received a notice from McCalla Raymer, LLC stating that the amount owed was $60,996.46.[14] A month later, on January 12, 2016, the Plaintiff received a Notice of Foreclosure Sale scheduled for March 1, 2016, from McCalla Raymer, LLC.[15] As a result, the Plaintiff filed the Complaint on February 24, 2016, alleging breach of contract, violations of the bankruptcy code, Fair Debt Collection Practices Act ("FDCPA"), and Fair Credit Reporting Act ("FCRA"), wrongful

---

[10]  Pl.'s Resp. to Def.'s Mot. to Dis., at 4.

[11]  Id.

[12]  Id.

[13]  Id., Ex. H.

[14]  Id., Ex. I.

[15]  Id., Ex. J.

foreclosure, and emotional distress. The Defendant now moves to dismiss Counts III-VI of the Complaint.

## II. Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief.[16] A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely."[17] In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff.[18] Generally, notice pleading is all that is required for a valid

---

[16]   Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6).

[17]   Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007).

[18]   See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination").

complaint.[19] Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.[20]

### III. Discussion

**A. Violation of the Fair Debt Collection Practices Act (Count III)**

The Plaintiff claims that Chase violated the FDCPA because it failed to provide an accounting of the Plaintiff's balance and because it failed to credit the Trustee's payments. "The FDCPA prohibits debt collectors from, *inter alia*, using 'false, deceptive, or misleading representation or means in connection with the collection of any debt.'"[21] In order to state a claim for relief under the FDCPA, a plaintiff must allege facts sufficient to support that: "(1) the defendant is a 'debt collector;' (2) the challenged conduct is related to debt collection activity; and (3) the defendant engaged in an act or omission prohibited by the FDCPA."[22] The Plaintiff fails on the first requirement.

---

[19] See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986).

[20] See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 550 U.S. at 555).

[21] Gardner v. TBO Capital LLC, 986 F. Supp. 2d 1324, 1332 (N.D. Ga. 2013).

[22] Id. (citing Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211, 1216 (11th Cir. 2012)).

Generally speaking, mortgage servicers and creditors are not debt collectors.[23] The Plaintiff tries to argue, however, that this case falls under two exceptions to the general rule. First, the Plaintiff alleges that Chase considered the mortgage in default at the time it acquired it, which would put Chase in the position of a debt collector under the statute. But the Plaintiff raises this possibility for the first time in his Response to the Plaintiff's Motion to Dismiss [Doc. 14]. Nowhere in the Complaint does the Plaintiff allege that the loan was in the default at the time that Chase acquired it. As a result, the Court disregards that line of argument as untimely.

The Plaintiff then tries to argue that Chase is using a third party name to collect on the debt, which would bring it back under the debt collector definition.[24] This section only applies, however, in a situation where the *creditor* is collecting on the debt under a *different* name than its own. While Chemical Mortgage Company was the originator of the loan, that does not mean that any subsequent assignees with a different name automatically become debt collectors. The Plaintiff admits in its own

---

[23] Humphrey v. Washington Mut. Bank, F.A., Civil Action File No. 1:06-CV-1367-JOF, 2007 WL 1630639, at *2 (N.D. Ga. June 1, 2007) ("Plaintiffs' Fair Debt Collection Practices Act claim fails because that Act applies only to debt collectors and not to creditors or mortgage servicers.").

[24] See 15 U.S.C. § 1692a(6) ("Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.").

Complaint that the security deed was assigned to Chase.[25] Chase is attempting to collect a debt under its own name; not under the name of a third party. For these reasons, the Plaintiff fails to show that the Defendant is a debt collector under the definition of the FDCPA, and Count III of the Complaint is dismissed.

### B. Violation of the Fair Credit Reporting Act (Count IV)

Count IV of the Plaintiff's Complaint alleges that Chase violated the Fair Credit Reporting Act by providing inaccurate information to consumer reporting agencies and that Chase failed to remedy the situation after the Plaintiff complained to Chase. The Plaintiff, however, failed to respond to the Defendant's motion to dismiss this count, and on that ground alone the Court should grant Chase's motion.

But the Plaintiff's claim fails on the merits as well. The FCRA imposes two duties on those who furnish credit information: (1) they must provide accurate information, and (2) they must investigate and respond promptly to notice from *credit reporting agencies* of consumer disputes.[26] The FCRA does not allow a private right of action for the former.[27] And while there is a private right of action for the latter, one only exists where "the furnisher received notice of the consumer's dispute *from a*

---

[25] Compl. ¶ 6.

[26] See 15 U.S.C. §1681s-2 (emphasis added); see also Green v. RBS Nat. Bank, 288 F. App'x 641, 642 (11th Cir. 2008) (per curiam).

[27] Id.

*consumer reporting agency.*"[28] The Plaintiff, however, does not allege that he contacted any of the consumer reporting agencies regarding his dispute. Though he does claim that he contacted Chase, this alone does not give rise to a private right of action under the FCRA. Because the Plaintiff failed to sufficiently show that he has a private right of action under the FCRA, and because he failed to respond to the Defendant's motion to dismiss on this issue, the FCRA claim is dismissed.

### C. The Plaintiff's Tort Claims (Counts V, VI)

The Plaintiff also makes two tort claims against the Defendant. The Plaintiff first pleads wrongful foreclosure, alleging that the Plaintiff has suffered damages to his reputation and credit due to the Defendant's actions.[29] The Eleventh Circuit has held that, generally speaking, Georgia law requires a foreclosure sale to have actually taken place before a plaintiff can seek damages.[30] But the Eleventh Circuit also acknowledged that Georgia courts have allowed claims for wrongful foreclosure to

---

[28] Id. (emphasis added); see also Horton v. HSBC Bank, Civil Action File No. 1:11-CV-3210-TWT, 2013 WL 2452273, at *6 (N.D. Ga. June 5, 2013) ("To survive a motion to dismiss on a 15 U.S.C. § 1681s–2(b) claim, the plaintiff must allege that the defendant received the proper notice from the consumer reporting agency pursuant to 15 U.S.C. § 1681i(a)(2).").

[29] Compl. ¶¶ 67-69.

[30] Jenkins v. McCalla Raymer, LLC, 492 F. App'x 968, 972 (11th Cir. 2012) ("[W]e conclude that Georgia law requires a plaintiff seeking damages for wrongful foreclosure to establish that the property at issue was actually sold at foreclosure.").

go forward in situations where a "plaintiff is primarily seeking an injunction to prevent the actual foreclosure sale from being completed (as opposed to only seeking damages)."[31] Some courts have called this wrongful attempted foreclosure, while others have simply kept the title the same.[32]

In order to maintain this version of the tort, a plaintiff must plead that the defendant published "a knowing and intentional publication of untrue and derogatory information concerning the debtor's financial condition, and that damages were sustained as a direct result of this publication."[33] Though the Plaintiff has pleaded most of the requirements for attempted wrongful foreclosure, he only alleges that the Defendant "negligently or recklessly" acted.[34] Reckless conduct does not rise to the

---

[31] Id.; see also Morgan v. Ocwen Loan Servicing, LLC, 795 F. Supp. 2d 1370, 1377 (N.D. Ga.2011) (citing cases); Sale City Peanut & Mill. Co. v. Planters & Citizens Bank, 107 Ga. App. 463, 465 (1963) ("Although the petition does not allege that there was an actual sale under the power of sale...it does allege that the defendants knowingly published an untrue and derogatory statement concerning the plaintiffs' financial conditions and that damages were sustained as a direct result of this publication. We are of the opinion that the petition alleged facts which showed a breach of duty toward the plaintiffs by the defendants and hence set out a cause of action good as against a general demurrer.").

[32] Compare Sale City, 107 Ga. App. at 465 (simply maintaining the original pleading) with Morgan, 795 F. Supp. 2d at 1377 (labeling it "wrongful attempted foreclosure").

[33] Aetna Fin. Co. v. Culpepper, 171 Ga. App. 315, 319 (1984) (citing Sale City, 107 Ga. App. at 465, among others).

[34] Compl. ¶ 67.

level of intentional conduct required by the tort. As a result, the Plaintiff has failed to sufficiently plead a claim for wrongful attempted foreclosure, and that count is dismissed.

The Plaintiff also fails to sufficiently plead a claim for intentional or negligent infliction of emotional distress. In Georgia, "[t]here is no independent tort in Georgia for negligent infliction of emotional distress."[35] In claims alleging negligent conduct, emotional distress damages are allowed "only where there is some impact on the plaintiff, and that impact must be a physical injury."[36] The Plaintiff has completely failed to allege any physical impact, and so that claim must be dismissed. On the other hand, intentional infliction of emotional distress requires allegations of conduct that is "extreme and outrageous."[37] The Plaintiff has likewise failed to allege any sort of extreme or outrageous conduct on the part of the Defendant. As a result, the Plaintiff's claim for emotional distress is also dismissed.

---

[35] Holbrook v. Stansell, 254 Ga. App. 553, 554 (2002) (citing Lee v. State Farm Mut. Ins. Co., 272 Ga. 583, 588(III) (2000)).

[36] Id. (citation omitted).

[37] Ghodrati v. Stearnes, 314 Ga. App. 321, 323 (2012).

### IV. Conclusion

For the reasons stated above, the Defendant's Partial Motion to Dismiss [Doc. 10] Counts III-VI of the Complaint is GRANTED.

SO ORDERED, this 13 day of December, 2016.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge