IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

VERNON CRAYTON,

   Plaintiff,

  v.

JPMORGAN CHASE BANK, N.A., et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:16-CV-577-TWT

**OPINION AND ORDER**

This is a civil case arising from the pending foreclosure sale of the Plaintiff's home. It is before the Court on the Defendant JPMorgan Chase Bank, N.A.'s Motion for Summary Judgment [Doc. 31]. For the reasons set forth below, the Defendant JPMorgan Chase Bank, N.A.'s Motion for Summary Judgment [Doc. 31] is GRANTED.

**I. Background**

The Plaintiff, Vernon Crayton, resides at 2556 Lancaster Drive, East Point, Georgia 30344 ("the Property").[1] On January 7, 1994, the Plaintiff obtained a

---

[1] Def.'s Statement of Material Facts in Supp. of Mot. for Summ. J. ¶ 4.

mortgage on the Property from Source One Mortgage Services Corporation in the amount of $63,826.00.[2] The security deed was eventually assigned to the Defendant Chase.[3]

The security deed provides that the Plaintiff must pay $490.77 toward principal and interest each month.[4] The security deed also provides that Chase would apply the monthly payments first to the mortgage insurance premium, second to taxes, third to interest due on the note, fourth to the principal of the note, and finally to late charges due.[5] It also provides that failure to pay any monthly payment in full constitutes default under the note.[6]

On September 2, 2004, the Plaintiff filed for Chapter 13 bankruptcy, and Chase filed a Proof of Claim not long after.[7] Prior to filing for bankruptcy, the Plaintiff failed to make the scheduled payments of principal and interest on the mortgage from December 2002 through September 2004.[8] In the Proof of Claim, Chase claimed a

---

[2] *Id.* ¶ 1.

[3] *Id.* ¶¶ 11-12.

[4] *Id.* ¶ 5.

[5] *Id.* ¶ 9.

[6] *Id.* ¶ 10.

[7] *Id.* ¶¶ 14-15.

[8] *Id.* ¶ 13.

total pre-petition arrearage of $19,061.85 plus an 8.50% interest rate as of September 2, 2004.[9] This pre-petition arrearage included: $14,828 for twenty-two missed "Regular Monthly Installments of $674.00" from December 2002 through September 2004; $1,059.40 in late charges; $1,065.17 for pre-petition escrow shortage; $1,909.28 in pre-petition attorneys' fees and costs; and $200 for post-petition, pre-confirmation fees.[10] The Plaintiff did not dispute this arrearage amount in the bankruptcy case.[11]

The Plaintiff's Chapter 13 Plan provided that the pre-petition arrearage claimed by Chase would be paid "within a reasonable time on a pro rata basis . . . or in such monthly amounts as are determined at the 341 meeting, the confirmation hearing or by other Court order."[12] On the other hand, future mortgage payments would be paid directly to Chase.[13] The Bankruptcy Court confirmed the Chapter 13 Plan on December 21, 2004.[14]

---

[9] *Id.* ¶ 16.

[10] *Id.* ¶ 15.

[11] *Id.*

[12] *Id.* ¶ 17.

[13] *Id.* ¶ 19.

[14] *Id.* ¶ 20.

On December 30, 2009, the Bankruptcy Court discharged the Plaintiff after completion of the Chapter 13 Plan, noting that the Plaintiff cured all pre-petition arrearage.[15] The bankruptcy trustee paid $19,061.85 toward Chase's principal claim, and $5,242.77 toward interest on this claim.[16] Chase applied these bankruptcy payments toward principal, interest, escrow, and other charges.[17] However, during the pendency of the bankruptcy case, the Plaintiff defaulted on his post-petition monthly mortgage payments on several occasions.[18] On the date of discharge, the Plaintiff was not current on his post-petition mortgage payments.[19] Thereafter, the Plaintiff never became current on his mortgage payments.[20] On September 24, 2010, Chase sent the Plaintiff an "Acceleration Warning (Notice of Intent to Foreclose)," which stated that the Plaintiff had failed to make several monthly payments, and that the amount past due totaled $12,747.96.[21] This same Acceleration Warning was also sent to the

---

[15] *Id.* ¶¶ 24-25.

[16] *Id.* ¶ 28.

[17] *Id.* ¶ 30.

[18] *Id.* ¶¶ 21-23.

[19] *Id.* ¶ 26.

[20] *Id.* ¶ 31.

[21] *Id.* ¶ 32.

Plaintiff on January 19, 2012, February 7, 2013, and December 11, 2015.[22] Chase, in response to the Plaintiff's requests, also sent him detailed payment histories.[23] The Plaintiff currently owes Chase the principal sum of $42,375.25, along with interest and other charges.[24]

On February 24, 2016, the Plaintiff filed this lawsuit, seeking a temporary restraining order and injunction, and also asserting claims for breach of contract, violation of the U.S. Bankruptcy Code, violation of the Fair Debt Collection Practices Act, and violation of the Fair Credit Reporting Act. This Court dismissed Counts III-VI of the Complaint, leaving only the Plaintiff's claims for breach of contract and violation of the bankruptcy code. Chase now moves for summary judgment on the remaining claims.

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.[25] The court should view the

---

[22] *Id.* ¶ 33; Chase Decl., Ex. 7; Ex. 8; Ex. 9.

[23] Def.'s Statement of Material Facts in Supp. of Mot. for Summ. J. ¶ 4.

[24] *Id.* ¶ 35.

[25] FED. R. CIV. P. 56(a).

evidence and any inferences that may be drawn in the light most favorable to the non-movant.[26] The party seeking summary judgment must first identify grounds to show the absence of a genuine issue of material fact.[27] The burden then shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists.[28] "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."[29]

### III. Discussion

**A. Compliance with Local Rules**

First, Chase asserts that the Plaintiff's response to Chase's statement of material facts fails to comply with the requirements of the Local Rules.[30] The Court agrees. Most of the Plaintiff's responses do not comply with Local Rule 56.1(B)(2)(a)(2), which requires the non-movant to directly refute the movant's facts with either concise responses supported by specific citations to evidence, valid objections to their

---

[26] *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970).

[27] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

[28] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

[29] *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

[30] Reply Br. in Supp. of Def.'s Mot. for Summ. J., at 1-2.

admissibility, or arguments that the citation does not support the statement.[31] Local Rule 56.1 is the "only permissible way . . . to establish a genuine issue of material fact."[32] A district court should "disregard or ignore evidence relied on by the respondent – but not cited in its response to the movant's statement of undisputed facts – that yields facts contrary to those listed in the movant's statement."[33] Here, the Plaintiff's objections are not supported by specific citations to the evidence and do not directly refute the stated facts. Instead, the Plaintiff simply states "denied" without a citation to specific evidence that refutes the fact.[34] As a result, those facts are deemed admitted "to the extent that they are supported by the record."[35]

---

[31] *See* N.D. Ga. Local R. 56.1(B)(2)(a)(2) ("This Court will deem each of the movant's facts admitted unless the respondent: (i) directly refutes the movant's fact with concise responses supported by specific citations to evidence (including page or paragraph number); (ii) states a valid objection to the admissibility of the movant's fact; or (iii) points out that the movant's citation does not support the movant's fact or that the movant's fact is not material or otherwise has failed to comply with the provisions set out in LR 56.1 B.(1).").

[32] *Reese v. Herbert*, 527 F.3d 1253, 1268 (11th Cir. 2008).

[33] *Id.* at 1268.

[34] *See* Pl.'s Resp. to Def.'s Statement of Material Facts ¶¶ 27, 30-31, 34-35, 38 (stating only "Denied"); *Id.* ¶¶ 21, 23, 26, 32-33 (stating only "Cannot admit or deny").

[35] N.D. Ga. Local R. 56.1(B)(2)(a)(1); *Manigault v. Colvin*, No. 1:11-CV-0793-MHS-JFK, 2013 WL 12157943, at *3 (N.D. Ga. Dec. 13, 2013).

However, this does not automatically entitle Chase to summary judgment. It is not "absolve[d] . . . of the burden of showing that it is entitled to judgment as a matter of law, and a Local Rule 56.1 statement is not itself a vehicle for making factual assertions that are otherwise unsupported in the record."[36] Chase still bears the initial burden of production in showing the absence of a genuine dispute of material fact.[37] In such a situation, a district court must still consider the merits of the motion to determine whether the movant is entitled to judgment as a matter of law.[38] Therefore, the Court will now address each of Chase's arguments for summary judgment.

**B. Bankruptcy Code Claim**

Chase first moves for summary judgment on the Plaintiff's bankruptcy code claim. The Plaintiff claims that Chase violated 11 U.S.C. § 524(i) by not properly crediting bankruptcy payments made to his mortgage loan balance. Specifically, the Plaintiff argues that the Bankruptcy Trustee paid $19,061.85 to Chase to satisfy Chase's claim for pre-petition arrearage, but Chase did not credit this to the principal

---

[36] *Reese*, 527 F.3d at 1268-69 (quoting *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001)).

[37] *Id.*

[38] *Id.* at 1269.

remaining on the mortgage loan.[39] The Plaintiff also claims that Chase violated § 524(i) by failing to provide a final accounting.[40] The Court finds that Chase is entitled to summary judgment on this claim.

First, the Plaintiff has failed to produce any evidence that Chase improperly credited bankruptcy payments. Second, § 524(i) of the bankruptcy code does not apply to the Plaintiff's bankruptcy case. Section 524(i) provides that:

> The willful failure of a creditor to credit payments received under a plan confirmed under this title, unless the order confirming the plan is revoked, the plan is in default, or the creditor has not received payments required to be made under the plan in the manner required by the plan (including crediting the amounts required under the plan), shall constitute a violation of an injunction under subsection (a)(2) if the act of the creditor to collect and failure to credit payments in the manner required by the plan caused material injury to the debtor.[41]

First, Chase is entitled to summary judgment because no genuine dispute of material fact exists as to whether Chase properly credited the Plaintiff's mortgage account. Pursuant to Local Rule 56.1, the Plaintiff is deemed to have admitted all of the facts

---

[39] Pl.'s Br. in Opp'n to Def.'s Mot. for Summ. J., at 6-10.

[40] The Plaintiff does not address this argument in his Response to Defendant's Motion for Summary Judgment. Therefore, the Court deems it abandoned. However, even if the Plaintiff did not abandon this argument, the Plaintiff's claim under § 524(i) fails as a matter of law, as discussed below, because that statute does not apply to this bankruptcy proceeding.

[41] 11 U.S.C. § 524(i).

in the Defendant's statement of material facts. This includes the Defendant's statement that "[a]ll payments received by Chase during the Bankruptcy Case from the Trustee or Crayton were applied to principal, interest, escrow, and other charges, according to the terms of Note and Security Deed and Chase's Proof of Claim."[42] This statement is supported by evidence produced by Chase, including Chase's records documenting the application of payments made by the Plaintiff to his account.[43] Furthermore, the Plaintiff has conceded, through his failure to respond to Chase's Requests for Admissions, that "Chase properly credited all Loan payments."[44] Consequently, the Plaintiff's claim under § 524(i) fails because it is undisputed that Chase did not misapply the bankruptcy payments.[45] Therefore, since the Plaintiff has failed to

---

[42] Def.'s Statement of Material Facts in Supp. of Mot. for Summ. J. ¶ 30.

[43] *See* Rundquist Decl. ¶ 10; Rundquist Decl., Ex. 4 at 2-5.

[44] *See* Hansen Decl. ¶ 15; Hansen Decl., Ex. 11 (Request for Admission No. 8). The Plaintiff failed to timely respond to Chase's Requests for Admissions. Pursuant to Rule 36 of the Federal Rules of Civil Procedure, the Plaintiff admits this fact. *See* FED. R. CIV. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."). The Plaintiff filed a Motion to Amend and Withdraw Deemed Admissions, or in the alternative, a Motion for Extension of Time to Respond to Requests for Admissions [Doc. 34], which this Court denied [Doc. 38]. Thus, the Requests for Admissions are deemed admitted by the Plaintiff.

[45] *See* 11 U.S.C. § 524(i) (requiring "[t]he willful failure of a creditor to credit payments received under a plan confirmed under this title").

produce evidence showing that an issue of material fact exists, Chase is entitled to summary judgment.[46]

Furthermore, the Plaintiff's argument rests upon a misunderstanding of the nature of the bankruptcy payments. The bankruptcy trustee paid $19,061.85 toward Chase's arrearage claim in the bankruptcy case, along with $5,242.77 paid toward interest on the arrearage.[47] This claim for $19,061.85 was derived from missed monthly mortgage payments (comprised of principal, interest, insurance, and taxes), late charges, pre-petition escrow shortages, and pre-petition attorneys' fees and costs.[48] The Plaintiff, however, suggests that the entire $19,061.85 paid to Chase should have been applied to the principal owed on the mortgage loan. That is inconsistent with the nature of the claim. The Plaintiff seems to conflate the principal on Chase's *bankruptcy claim* with the principal owed on the *mortgage loan*. It would make no sense for Chase to credit the entire $19,061.85 toward the principal on the mortgage loan when that amount was derived from multiple other sources of arrears.

---

[46] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

[47] Def.'s Statement of Facts in Supp. of Mot. for Summ. J. ¶ 28.

[48] *Id.* ¶ 15.

Finally, Chase argues that § 524(i) does not apply because it was enacted and became effective after the Plaintiff's bankruptcy case was already filed.[49] The Court agrees. Section 524(i) was enacted on April 20, 2005, and became effective on October 17, 2005.[50] It only applies to bankruptcy cases filed after October 17, 2005.[51] The Plaintiff filed for bankruptcy on September 2, 2004, meaning that § 524(i) does not apply to his bankruptcy case.[52] Therefore, the Plaintiff's claim under § 524(i) fails as a matter of law.

The Plaintiff's only response to this argument is that "[e]ven if Section 524(i) was enacted after Plaintiff filed his bankruptcy, Chase was not entitled to be paid more than its claim under the Chapter 13 Bankruptcy Plan."[53] However, the Plaintiff has not

---

[49] Def.'s Mot. for Summ. J., at 15.

[50] Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, § 1501, 119 Stat. 23 (2005).

[51] *See id.* ("[T]he amendments made by this Act shall not apply with respect to cases commenced under title 11, United States Code, before the effective date of this Act."); *In re Protos*, 322 F. App'x 930, 931 n.1 (11th Cir. 2009) ("Protos filed his bankruptcy petition before the enactment and effective date of The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ('BAPCPA'). Neither party asserts that BAPCPA applies here."); *In re Anderson*, 382 B.R. 496, 500 n.7 (Bankr. D. Or. 2008) ("Most of BAPCPA's provisions, including § 524(i) were effective for cases filed on or after October 17, 2005.").

[52] Def.'s Statement of Facts in Supp. of Mot. for Summ. J. ¶ 14.

[53] Pl.'s Br. in Opp'n to Def.'s Mot. for Summ. J., at 10.

argued, nor provided any evidence at all, that Chase was paid more by the bankruptcy trustee than it was entitled. Chase filed a Proof of Claim for pre-petition arrearage in the amount of $19,061.85, which the Plaintiff never contested.[54] This was the amount that the bankruptcy trustee paid to Chase, meaning Chase was not paid more than its claim.[55] Furthermore, this argument is not responsive to Chase's contention that the Plaintiff's bankruptcy claim arises under a statute that does not apply to this case. Therefore, Chase is entitled to summary judgment on the Plaintiff's bankruptcy code claim because the Plaintiff has failed to offer any evidence to support his claims, and because the Plaintiff has asserted claims under a statutory provision that does not apply to the case at hand.

### C. Breach of Contract Claim

Next, Chase moves for summary judgment on the Plaintiff's breach of contract claim. The Plaintiff alleges that "Chase is in breach of the Note and Security Deed by failing to properly apply Plaintiff's payments and make a final accounting of the actual balance owed, if any, on the mortgage."[56] Chase argues that it is entitled to

---

[54] Def.'s Statement of Facts in Supp. of Mot. for Summ. J. ¶ 16.

[55] *Id.* ¶ 28.

[56] Compl. ¶ 22.

summary judgment for multiple reasons.[57] The Court agrees that Chase is entitled to summary judgment on this claim.

First, as discussed above, the Plaintiff has failed to dispute Chase's showing that it properly credited the bankruptcy payments made to the Plaintiff's account. Thus, since this alleged misapplication of payments is the crux of the Plaintiff's breach of contract claim, and since it is undisputed that Chase properly credited these payments, Chase is entitled to summary judgment on this claim.

Second, the Plaintiff's breach of contract claim also fails as a matter of law because the Plaintiff has failed to identify a specific contractual provision that Chase breached. To succeed on a breach of contract claim in Georgia, a plaintiff must allege a particular contractual provision that the defendant violated.[58] Instead, the Plaintiff simply argues in vague terms that Chase's alleged failure to "properly credit the account" and alleged failure to provide a "final accounting" is a "violation of . . . the Note and Security Deed."[59] These types of vague allegations fail to state a claim for

---

[57] Def.'s Mot. for Summ. J., at 21-24.

[58] *See American Casual Dining, L.P. v. Moe's Sw. Grill, LLC*, 426 F. Supp. 2d 1356, 1369 (N.D. Ga. 2006) ("Because [the plaintiff] cannot point to any contractual provision that [the defendant] breached ... [the plaintiff] cannot state a claim for breach of contract based on these allegations.").

[59] Pl.'s Br. in Opp'n to Def.'s Mot. for Summ. J., at 11-12; *see also* Compl. ¶ 22 ("Chase is in breach of the Note and Security Deed by failing to properly apply

breach of contract under Georgia law.⁶⁰ Furthermore, nothing in the security deed or note indicates that Chase must apply payments to the principal amount, or that it must provide the Plaintiff with a "final accounting."⁶¹ Therefore, the Plaintiff's claim fails as a matter of law, and Chase is entitled to summary judgment.⁶²

### D. Punitive Damages and Attorneys' Fees

Finally, Chase moves for summary judgment on the Plaintiff's claim for punitive damages and attorneys' fees. The Plaintiff claims that he is entitled to punitive damages because Chase's actions were "intentional, willful, and with an entire want of care demonstrating a conscious indifference to the consequences."⁶³ In support of this argument, the Plaintiff cites cases in which creditors were sanctioned

---

Plaintiff's payments and make a final accounting of the actual balance owed, if any, on the mortgage.").

⁶⁰ *See American Casual Dining, L.P.*, 426 F. Supp. 2d at 1369; *see also Brooks v. Branch Banking & Tr. Co.*, 107 F. Supp. 3d 1290, 1296 (N.D. Ga. 2015) (concluding that the plaintiff's breach of contract claim fails to state a claim for relief because it failed to "mention a specific contractual provision Defendant breached").

⁶¹ *See* Rundquist Decl., Ex. 1; *id.*, Ex. 2.

⁶² Since the Plaintiff has failed to establish that a genuine issue of material fact exists as to whether a breach occurred, the Court finds it unnecessary to address the issue of damages.

⁶³ Pl.'s Br. in Opp'n to Def.'s Mot. for Summ. J., at 12; Compl. ¶ 75.

for violating discharge injunctions in bankruptcy proceedings.[64] The Court holds that Chase is entitled to summary judgment. The Plaintiff has failed to provide evidence that Chase misapplied the bankruptcy payments *at all*, let alone that it did so intentionally, willfully, or with conscious indifference to the consequences. Therefore, Chase is entitled to summary judgment on the Plaintiff's claims for punitive damages and attorneys' fees.

## IV. Conclusion

For the reasons stated above, the Defendant JPMorgan Chase Bank, N.A.'s Motion for Summary Judgment [Doc. 31] is GRANTED.

SO ORDERED, this 3rd day of November, 2017.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

---

[64] Pl.'s Br. in Opp'n to Def.'s Mot. for Summ. J., at 13.